WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rune Kraft,<br><br>        Plaintiff,<br><br>v.<br><br>CRH PLC, et al.,<br><br>        Defendants. | No. CV-21-00154-PHX-SMB<br><br>**ORDER** |

      Pending before the Court is Plaintiff Rune Kraft's First Amended Complaint ("FAC"), (Doc. 72), which Vulcan Defendants[1] moved to strike and/or dismiss or, alternatively, to transfer to the Central District of California ("Vulcan Motion), (Doc. 80). Defendant Vadnais also moved to dismiss Kraft's FAC, (Doc. 90), and joined, in part, the Vulcan Motion, (Doc. 91). Likewise, CRH Defendants[2] filed their own motion to dismiss, (Doc. 94), and joined in the Vulcan Motion, (Doc. 87). Plaintiff filed responses to the Vulcan Motion, (Doc. 103), and to Defendant Vadnais' Motion to Dismiss, (Doc. 112). Having reviewed the parties' briefing, the relevant case law, and extensive history underlying the instant action, the Court will grant, in part, the Vulcan Motion and will transfer this case to the Central District of California.

---

[1] "Vulcan Defendants" includes Vulcan Materials Company, its officers and directors named by Plaintiff in this suit, and CalMat Co. (*See* Doc. 80).

[2] "CRH Defendants" includes CRH, PLC, CRH Americas, Inc., CRH Americas Materials, Inc., CRH Americas Products, Inc., and Oldcastle SW Group, Inc. (*See* Doc. 94.)

**I. BACKGROUND**

More than a decade ago, the United States District Court for the Central District of California ("Central District") entered a judgment against Plaintiff Rune Kraft. Since then, Mr. Kraft has initiated numerous lawsuits attempting to undermine that judgement, which he claims is "corrupt" and "void." This action is his latest attempt. Mr. Kraft names as defendants parties to those prior cases, their attorneys, parent companies, and companies who have become assignees of previous parties' interests, as well as officers and directors of those companies. (*See* Doc. 72.) Mr. Kraft alleges, among other things, that Defendants' "cabal . . . corrupts everything" and that "Defendants use their considerable financial resources to corruptly grease the wheels of justice of the courts of the United States of America," including his cases previously adjudicated by Judge Fairbank in the Central District. (*See Id.* at 24, 35, 42 (cleaned up).)

Before discussing the appropriateness of transfer in the instant action, the Court must first lay out a truncated history of the litigation that has spawned the present case.

**A. The 2010–11 Central District Litigation ("*Inland I*")**

In 2010, Oldcastle Precast, Inc. ("Oldcastle"), Inland Concrete Enterprises, and a related stock ownership plan (the "Inland Plan") filed suit against Kraft in the Central District. *Inland Concrete Enterprises, Inc. v. Kraft Americas LP*, No. CV 10-1776-VBF(OPX), 2011 WL 13209166 (C.D. Cal. Mar. 9, 2011). The *Inland I* action involved a broker's fee/finder's fee dispute between the Inland Plan and Mr. Kraft, relating to the transaction in which Inland Concrete Enterprises was acquired by Oldcastle. *Id.* at *3. The Central District found that Kraft willfully destroyed evidence, and fabricated documents regarding the destruction of that evidence. *Id.* at *8. The Central District further found that Mr. Kraft failed to respond to discovery requests, that he failed to comply with the Central District's discovery orders, and that his refusal to comply was willful and demonstrated bad faith. *Inland Concrete Enterprises, Inc. v. Kraft Americas*, L.P., No. CV 10-1776-VBF (OP), 2011 WL 13209258, at *3 (C.D. Cal. May 12, 2011), *report and recommendation adopted sub nom. Inland Concrete Enterprises, Inc. v. Kraft Americas*

*LP*, No. CV 10-1776-VBF(OPX), 2011 WL 13384683 (C.D. Cal. May 18, 2011). The Central District issued monetary sanctions, but Mr. Kraft failed to pay them and refused to comply with the Central District's discovery orders. *Inland*, 2011 WL 13209258, at *4. Finding that lesser sanctions had no impact on Mr. Kraft's refusal to comply with court orders, in June of 2011, the Central District issued terminating sanctions and entered judgment in favor of the Inland Plan and against Mr. Kraft (the "2011 Judgment"). *Inland*, 2011 WL 13209257, at *1. Kraft did not appeal the 2011 Judgment.

### B. Kraft's Initial Effort to Undue the 2011 Judgement

In 2016, Kraft filed a motion seeking to set aside the 2011 judgment. *See Inland Concrete Enterprises, Inc. v. Kraft*, 318 F.R.D. 383, 409–10 (C.D. Cal. 2016). Among other things, he claimed that the 2011 Judgment had been procured by a "fraud on the court"; that Inland and its lawyers had "fabricated" evidence; and that the district court "did not comprehend, ignored or forgot the particulars of this matter." *Id.* at 397–400. The Central District held that all of Kraft's theories and arguments were barred because he had not appealed the 2011 Judgment. *Id.* at 422.

### C. The 2015–16 Central District Litigation ("*Inland II*")

Meanwhile, in 2015, Mr. Kraft filed a new action against Oldcastle and Inland in the Central District, alleging claims of fraud, conspiracy, and obstruction of justice—all arising out of *Inland I* and the 2011 Judgment. Complaint, *Kraft Americas, L.P. v. Oldcastle Precast, Inc.*, 2015 WL 765464 (C.D. Cal. Jan. 30, 2015) (No. CV15-701). On March 24, 2016, the Central District declared Mr. Kraft to be a vexatious litigant and enjoined him from filing any new action, in any court, against Oldcastle, the Inland Plan, or various other related persons or entities, without first obtaining advance written authorization from Judges Fairbank or Kronstadt of the Central District. *Kraft v. Old Castle Precast, Inc.*, No. LA CV 15-00701-VBF, 2016 U.S. Dist. LEXIS 183082 at *58 (C.D. Cal. Mar. 24, 2016). Less than a month later, the Central District dismissed Mr. Kraft's complaint, *Kraft v. Old Castle Precast Inc.*, No. LA CV 15-00701-VBF, 2016 U.S. Dist. LEXIS 183067 (C.D. Cal. Apr. 15, 2016), which the Ninth Circuit affirmed, *Kraft v.*

*Oldcastle Precast, Inc.*, 700 Fed.Appx. 704 (9th Cir. 2017).

### D.  2015–17 District of New Mexico Litigation

In 2015, Oldcastle—as assignee of the 2011 Judgment—initiated a case in the District of New Mexico by registering the 2011 Judgment and filing an application for writ of garnishment.  *See CalMat Co. v. Oldcastle Precast, Inc.*, No. CV 16-26 KG/JHR, 2017 WL 6261480, at *1 (D.N.M. Dec. 4, 2017).  They sought to garnish royalty payments owed by CalMat to Kraft Americas.  *Id.* at *1–2.  At this point in Kraft's litigation saga, the Vulcan Defendants entered the scene, as did Defendant Vadnais—the lawyer for Vulcan Materials Company, who was the parent company to CalMat.

Ultimately, the court granted summary judgment and directed that CalMat make all future royalty payments to Oldcastle.  *Id.* at *3.  The New Mexico district court also entered vexatious litigant orders against Kraft, imposing restrictions on any further filings. (Doc. 64, Exhs. E & H).  The Tenth Circuit affirmed, slightly narrowing the orders to apply "to any action related to the [2011 Judgment] and involving Inland, CalMat, Oldcastle, or any person or entity working for or on behalf of those entities, including their attorneys." *Kraft v. Hatch*, 853 F. App'x 261, 267 (10th Cir. 2021).

### E.  The 2018 Northern District of California Litigation

In 2018, Mr. Kraft—without permission—filed another action arising out of the 2011 Judgment, this time in the Northern District of California.  *Kraft v. Oldcastle Precast, Inc.*, No. 18-CV-03036-LB, 2018 WL 3777563, at *2 (N.D. Cal. Aug. 9, 2018).  In addition to suing Oldcastle and Inland, he sued those parties' attorneys, along with the clerks of the court for both the Central District and the Ninth Circuit.  *Id.*  He accused all defendants of conspiring with the Central District and the Ninth Circuit (whom Mr. Kraft termed "co-conspirators" but who were not officially named as co-defendants) to "rig the cases behind the scenes" against him.  *Id.*

Rather than rule on motions to dismiss, the Northern District transferred the case to the Central District under 28 U.S.C § 1391.  *Id.* at *3.  Once there, the case was dismissed. *Kraft v. Faucher, et al.*, No. LA CV 18-06971-VBF (C.D. Cal. Aug. 28, 2018.)

### F. The Instant Action.

Mr. Kraft then initiated this action by filing a nearly 600-page Complaint. (Docs. 1 through 1-7.) Mr. Kraft asserted claims for treble damages under RICO, along with claims for declaratory and injunctive relief. (Doc. 1 at 17–18). Faced with motions to dismiss and to deem him a vexatious litigant, Mr. Kraft then filed the 630-page FAC, (Doc. 72), which is the subject of this order.

To quote the Northern District of California court, this case is another effort to use one district court "as a safe haven from the lawful orders of another." *See Kraft*, 2018 WL 3777563, at *3 (quoting *In re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988)). Once again, Mr. Kraft asserts that *Inland I* was "corruptly adjudicated" against him, such that the 2011 Judgment was "void." (Doc. 72 at 28). Similarly, he claims that the judgement in *Inland II* is invalid because "the justices [sic] at the Ninth Circuit were brazenly lying" when they held that his RICO and other claims were barred by issue preclusion. (Doc. 72 at 255). There is nothing new about this case; it is simply the latest in a series of cases by which Mr. Kraft hopes to unwind the 2011 Judgement. For example, the RICO claims in the FAC are the same as those asserted in *Inland II*—based on what Kraft claims were acts of mail fraud, wire fraud, bank fraud, obstruction of justice, money laundering, and other crimes. The original Complaint itself acknowledged this duplication. (*See* Doc. 1 at 26.)

Accordingly, Vulcan Defendants have moved to transfer this case to the Central District, where there exists a court ordered filing restriction against Mr. Kraft. (Doc. 80.) The CRH Defendants joined this motion, (Doc. 94), and Defendant Vadnais has neither joined nor opposed the transfer motion, (*See* Doc. 91 at 2 (explaining that Defendant Vadnais expressly joined in other parts of the motion but not the portion concerning transfer)). Mr. Kraft filed a response opposing the transfer. (Doc. 103.) Thus, all parties have had the opportunity to present their views.

## II. LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

or division where it might have been brought . . . ." Thus, an action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez*, No. 3:16-cv-02278-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016). Generally, a court affords a plaintiff's choice of forum great weight, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), but when judging the weight to be given to plaintiff's choice, a court must also consider the respective parties' contact with the chosen forum. *Id.* Indeed, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," the plaintiff's choice "is entitled only minimal consideration." *Id.*

### III. DISCUSSION

Transfer to the Central District of California is appropriate here.

First, Mr. Kraft could have brought his action in the Central District because a substantial part of the events of which Mr. Kraft complains—i.e., his prior lawsuits—occurred there. *See* 28 U.S.C. § 1391(b)(2).

Second, a transfer serves the convenience of the parties and will promote the interests of justice. Simply put by the Norther District of California court, "Mr. Kraft complains about his prior lawsuits in the Central District, all of the court files related to those lawsuits are located there (not here), and the court there would be far more familiar with the facts at issue." *Kraft*, 2018 WL 3777563, at *3. Additionally, by his own admission, Mr. Kraft is not a resident of either this District or the Central District—he resides outside the United States, (Doc. 72 at 1)—so this District is no more convenient for him than is the Central District. Most significantly, the Central District has enjoined Mr. Kraft from filing any new lawsuits in any court against Oldcastle, the Inland Plan, or "any subsidiary or parent corporation, owner, officer, employee, agent, or attorney of any of the aforesaid parties," without first obtaining advance written authorization from Judges Fairbank or Kronstadt. (Doc. 64, Exhs. E at 30.) Mr. Kraft has not demonstrated that he obtained such an advance written authorization before filing this action; therefore, he is in

violation of the Central District's order, and transfer is appropriate. *See Kraft*, 2018 WL 3777563, at *3 ("Transfer is indeed appropriate in such a situation to avoid the prospect of a litigant using one district court as a safe haven from the lawful orders of another." (quoting *In re Tripati*, 836 F.2d at 1407)).

For his part, Mr. Kraft continues to claim that the Central District "corruptly adjudicated" *Inland I* and *Inland II*, (Doc. 72 at 24), and he now asserts that "furtherance of the conspiracy" took place in Arizona, (*Id.* at 1). "That he may hold these views, however, does not give him license to violate the Central District's order enjoining him from bringing new lawsuits." *See Kraft*, 2018 WL 3777563, at *3 (ruling on an identical issue with this same Plaintiff). "Unless a stay or reversal is obtained, a party must comply with a court order, even if [he] believes that the order is erroneous or contrary to law." *Guardian Life Ins. Co. of Am. v. Andraos*, No. CV07-5732 SJO (FMOx), 2009 WL 10675048, at *3 (C.D. Cal. Feb. 10, 2009); *see also Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995) ("Only in the rarest of situations do federal courts countenance a party's disregard of an existing court order because it was mistakenly issued."). If he objects to the Central District's injunction order, he must raise his issues with that court, not this one—which further confirms the appropriateness of a transfer.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** transferring this action to the Central District of California.

Dated this 15th day of November, 2021.

Honorable Susan M. Brnovich
United States District Judge